\*\*Original 10/6/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARVIN HEATH, ) | No. C 05-2688 JF (PR) |
| Plaintiff, ) | ORDER OF DISMISSAL |
| vs. ) | WITH LEAVE TO AMEND |
| BOARD OF PRISON TERMS, ) | |
| Defendant. ) | |

    Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Board of Prison Terms.  Plaintiff alleges that after his medical screening at San Quentin State Prison, he was disqualified for a camp assignment due to a medical disability.  Plaintiff maintains that he is being discriminated against because he was denied the opportunity to earn the same benefits as other prisoners while incarcerated.   Plaintiff has been granted leave to proceed in forma pauperis in a separate order.  The Court will dismiss the instant complaint with leave to amend because Plaintiff's complaint does not set forth facts sufficient to state a claim under 42 U.S.C. § 1983.

\\\

\\\

Order of Dismissal with Leave to Amend
P:\pro-se\sj.jf\cr.05\Heath688dwlta           1

# DISCUSSION

A. <u>Standard of Review</u>

  Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. <u>Id</u>. at 1915A(b)(1),(2). <u>Pro se</u> pleadings must be liberally construed. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

  Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988); <u>Harris v. City of Roseburg</u>, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. <u>Leer</u>, 844 F.2d at 633; <u>Robins v. Meecham</u>, 60 F.3d 1436, 1442 (9th Cir. 1995). Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. <u>Leer</u>, 844 F.2d at 634. To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. See <u>Paul v. Davis</u>, 424 U.S. 693, 697 (1976).

\\\

\\\

\\\

Order of Dismissal with Leave to Amend
P:\pro-se\sj.jf\cr.05\Heath688dwlta 2

B.   Plaintiff's Claim

Plaintiff alleges that he is being discriminated against because he was denied the opportunity to be assigned to camp duty and earn the same benefits as other prisoners while incarcerated because of his medical disability. See Complaint at 3. Plaintiff names the Board of Prison Terms as the only Defendant in this action.

Plaintiff does not allege any federal constitutional violation under 42 U.S.C. § 1983. To state a cognizable claim under 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. at 48.

The Court notes that Plaintiff's claim against the Board of Prison Terms fails to set forth sufficient facts showing liability on the part of this Defendants because Plaintiff does not allege any actions on the part of the Board of Prison Terms. The Court notes that there is no respondeat superior liability under section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). Plaintiff must set forth specific allegations demonstrating how the Defendant was involved in the alleged constitutional violation in his amended complaint.

Plaintiff should list the constitutional right he has, describe what each Defendant did or failed to do, and describe how each Defendant's acts or omissions caused him injury. Plaintiff must be careful to allege facts showing the basis for liability for each individual Defendant. He should not refer to the Defendants as a group, i.e., "the defendants;" rather, he should identify each involved Defendant by name and link each of them to a specific claim by explaining what each Defendant did or failed to do that caused

1  a violation of his constitutional rights.

2  Accordingly, the Court grants Plaintiff leave to file an amended complaint within
3  **thirty days** of the date this order is filed, to allege a cognizable federal constitutional
4  violation and include sufficient facts to support his claim against the named Defendant.

## CONCLUSION

6  1. Plaintiff's complaint is hereby DISMISSED with leave to amend, as
7  indicated above, within **thirty days** from the date this order is filed.  The amended
8  complaint must include the caption and civil case number used in this order (05-2688 JF
9  (PR)) and the words AMENDED COMPLAINT on the first page.  Because an amended
10 complaint completely replaces the original complaint, Plaintiff must include in it all the
11 claims he wishes to present.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert.
12 denied, 113 S. Ct. 321 (1992).  Plaintiff may not incorporate material from the original
13 complaint by reference.  Plaintiff must include all documentation and supporting
14 information regarding his claim with the amended complaint.  **Failure to amend within**
15 **the designated time will result in a dismissal of the complaint without prejudice.**

16 2. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
17 Court informed of any change of address by filing a separate paper with the Clerk headed
18 "Notice of Change of Address."  He must comply with the Court's orders in a timely
19 fashion or ask for an extension of time to do so.  Failure to comply may result in the
20 dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

21 IT IS SO ORDERED.
22 DATED: __10/6/06_____                    _____
23                                                                         JEREMY FOGEL
                                                                           United States District Judge

Order of Dismissal with Leave to Amend
P:\pro-se\sj.jf\cr.05\Heath688dwlta            4

1  A copy of this ruling was mailed to the following:

2

3  Darvin Heath
   V-53394
   San Quentin State Prison
4  San Quentin, CA  94974

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal with Leave to Amend
P:\pro-se\sj.jf\cr.05\Heath688dwlta                5